# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VOLO LOGISTICS LLC, and
CAT AEREA LLC,

                Plaintiffs,

-v-

VARIG LOGISTICA S.A., and
VOLO do BRASIL S.A.,

                Defendants.

Index No. 602536/07

SUMMONS

Date Index No. Purchased:

**To the above named Defendant:**

    VARIG LOGISTICA S.A.
    Rua Fidêncio Ramos no. 223
    14th floor Vila Olímpia,
    São Paulo, Brazil

    You are hereby summoned to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

    The basis of venue in New York County is CPLR § 501 because the contracts that form the basis for this action fix venue in the courts of this County.

Dated: New York, New York
       July 26, 2007

                                        BRACEWELL & GIULIANI LLP

                                        By _____
                                             Kenneth A. Caruso
                                             A Member of the Firm
                                          1177 Avenue of the Americas
                                          New York, New York  10036
                                          T: (212) 508-6100
                                          Attorneys for Plaintiffs

NEWYORK\12794.1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

VOLO LOGISTICS LLC, and
CAT AEREA LLC,

                Plaintiffs,

-v-

VARIG LOGISTICA S.A., and
VOLO do BRASIL S.A.,

                Defendants.

Index No. 602536/07

COMPLAINT

Plaintiffs VOLO LOGISTICS, LLC ("Volo") and CAT AEREA, LLC ("CAT"), by their attorneys, Bracewell & Giuliani LLP, for their Complaint against the defendants, allege as follows:

NATURE OF THE ACTION

1. This dispute arises out of Defendant VarigLog's and Defendant VDB's failure to repay eight loans that are currently due. The total amount of principal due and owing to Plaintiffs under the loan agreements memorializing such loans is $88,205,616.66.[1]

PARTIES

2. Plaintiff Volo is a limited liability company organized under the laws of Delaware and having its principal place of business at 520 Madison Avenue, 35th Floor, New York, New York 10022.

---

[1] Together, the eight loan agreements shall be referred to as the "Loan Agreements," true and correct copies of which are attached as Exhibits 1 through 8. The Loan Agreements contain certain linguistic differences due to the differences in the identities of the borrowers and the amounts borrowed. Substantively, however, the Loan Agreements are the same and are so treated in this Complaint.

3. Plaintiff CAT is a limited liability company organized under the laws of Delaware and having its principal place of business at 520 Madison Avenue, 35th Floor, New York, New York 10022. CAT is a wholly-owned subsidiary of Volo.

4. Upon information and belief, Defendant VOLO do BRASIL S.A. ("VDB") is a corporation organized under the laws of Brazil and having its principal place of business at Rua Visconde de Inhauma, n°77, 10° andar, parte, Centro, Rio de Janeiro, Brazil.

5. Upon information and belief, Defendant VARIG LOGÍSTICA S.A. ("VarigLog") is a corporation organized under the laws of Brazil and having its principal place of business at Rua Fidêncio Ramos no. 223, 14th floor Vila Olímpia, São Paulo, Brazil. Upon information and belief, Defendant VarigLog is a wholly-owned subsidiary of Defendant VDB.

## JURISDICTION AND VENUE

6. Pursuant to the Loan Agreements, Defendant VarigLog and Defendant VDB have consented to the jurisdiction and venue of this Court.

7. The Loan Agreements state:

> The BORROWER hereby (i) irrevocably submits to the non-exclusive jurisdiction of any New York State or Federal court sitting in New York City in any action or proceeding arising out of or relating to this Loan Agreement, (ii) waives any defense based on doctrines of venue or <u>forum non conveniens,</u> or similar rules or doctrines, and (iii) irrevocably agrees that all claims in respect of such an action or proceeding may be heard and determined in such New York State or Federal court.

(Exhibits 1, 3-8, Clause Fifteen; Exhibit 2, Clause Fourteen.)

8. Because Defendant VarigLog and Defendant VDB are located in Brazil, service of process is to be sought pursuant to the Inter-American Convention on Letters Rogatory and Additional Protocol, to which the United States and Brazil are parties. To the

extent that Defendants have a presence in the United States, however, Plaintiffs will additionally endeavor to serve them through other lawful methods of service.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. VRG Linhas Aéreas S.A. ("VRG"),[2] a corporation organized under the laws of Brazil, is an operating company established to hold certain assets acquired from Varig Airlines. VRG was 99% owned by Defendant VarigLog, and 1% owned by Defendant VDB. At the time of the execution of the loans in issue, Defendant VarigLog was a wholly-owned subsidiary of Defendant VDB, which in turn was owned 80% by three Brazilian citizens and 20% by Plaintiff Volo.

10. During the second half of 2006 and early 2007, Plaintiff Volo and Plaintiff CAT made a number loans to VRG and its affiliates, including Defendant VarigLog and Defendant VDB.

11. Additionally, pursuant to a certain Debt Assumption Agreement, dated December 8, 2006 (the "December Assumption Agreement," a true and correct copy of which is attached as Exhibit 9), and a certain Debt Assumption Agreement, dated June 12, 2007 (the "June Assumption Agreement," a true and correct copy of which is attached as Exhibit 10), Defendant VarigLog assumed the borrower's repayment obligations with respect to five of the Loan Agreements in issue in this action.

---

[2] The Loan Agreements refer to "AÉREO TRANSPORTES AÉREOS S.A. (to be known as VRG Linhas Aéreas S.A.)." In or about December 2006, Brazilian regulators officially approved the corporate name change from AÉREO TRANSPORTES AÉREOS S.A. to VRG Linhas Aéreas S.A.

NEWYORK\12394.17                    3

A.  <u>The Loan Agreements</u>

12.  Of the eight loans currently due and owing to Plaintiffs Volo and CAT, five were assumed by Defendant VarigLog, two were made directly to Defendant VarigLog and one was made directly to Defendant VDB:

(a)  **"Loan 1"** -- Loan Agreement, dated September 12, 2006, between Plaintiff CAT and VRG in the amount of $18,300,000.00. (A true and correct copy of Loan 1 is attached as Exhibit 1.) Pursuant to the December Assumption Agreement, Defendant VarigLog assumed VRG's obligations on this loan. (Exhibit 9 at ¶ 1(i).)

(b)  **"Loan 2"** -- Loan Agreement, dated September 12, 2006, between Plaintiff CAT and VRG in the amount of $29,700,000.00. (A true and correct copy of Loan 2 is attached as Exhibit 2.) Pursuant to the June Assumption Agreement, Defendant VarigLog assumed VRG's obligations on this loan. (Exhibit 10.)[3]

(c)  **"Loan 3"** -- Loan Agreement, dated October 25, 2006, between Plaintiff Volo and VRG in the amount of $10,650,000.00. (A true and correct copy of Loan 3 is attached as Exhibit 3.) Pursuant to the December Assumption Agreement, Defendant VarigLog assumed VRG's obligations on this loan. (Exhibit 9 at ¶ 1(iv).)

(d)  **"Loan 4"** -- Loan Agreement, dated November 17, 2006, between Plaintiff Volo and VRG in the amount of $10,765,823.06. (A true and correct copy of Loan 4 is attached as Exhibit 4.) Pursuant to the December Assumption Agreement, Defendant VarigLog assumed VRG's obligations on this loan. (Exhibit 9 at ¶ 1(v).)

(e)  **"Loan 5"** -- Loan Agreement, dated December 5, 2006, between Plaintiff Volo and VRG in the amount of $3,307,093.60. (A true and correct copy of Loan 5 is attached as Exhibit 5.) Pursuant to the December Assumption Agreement, Defendant VarigLog assumed VRG's obligations on this loan. (Exhibit 9 at ¶ 1(vii).)

---

[3] The June Assumption Agreement refers to VarigLog's assumption of a $29,700,000.00 loan agreement that was executed on July 21, 2006. That loan, however, had been amended and restated in the September 12, 2006 agreement referred to herein as "Loan 2," pursuant to which Plaintiff CAT assumed the role of "LENDER" on the $29,700,000.00 loan. Additionally, pursuant to an "Acknowledgment" dated July 10, 2007 (the "July Acknowledgment," a true and correct copy of which is attached as Exhibit 11), VarigLog "acknowledges that it has assumed on June 12, 2007 all of the borrower obligations under that certain Amended and Restated Loan Agreement, dated September 12, 2006, between [CAT] and [VRG] in the amount of US$29,700,000.00."

    (f)    **"Loan 6"** -- Loan Agreement, dated December 13, 2006, between Plaintiff Volo and Defendant VarigLog in the amount of $8,852,376.74. (A true and correct copy of Loan 6 is attached as Exhibit 6.)

    (g)    **"Loan 7"** -- Loan Agreement, dated December 13, 2006, between Plaintiff Volo and Defendant VarigLog in the amount of $5,860,232.26. (A true and correct copy of Loan 7 is attached as Exhibit 7.)

    (h)    **"Loan 8"** -- Loan Agreement, dated December 13, 2006, between Plaintiff Volo and Defendant VDB in the amount of $770,000.00. (A true and correct copy of Loan 8 is attached as Exhibit 8.)

13. The Loan Agreements "are governed by New York law." (Exhibits 1, 3-8, Clause Fifteen; Exhibit 2, Clause Fourteen).

B. <u>The Loans Come Due</u>

14. According to the terms of the Loan Agreements, each of the above loans became due and payable upon the sale of substantially all of the assets of VRG:

> The total amount of the Loan will be repaid on the date that is the earlier to occur of (a) the expiration of the Term, and (b) the occurrence of a Sale of the COMPANY [or the "BORROWER"]. . . .

(Exhibits 1-8, Clause Three.)[4]

15. A "Sale of the COMPANY" or "Sale of the BORROWER" means "the disposal in one or more transactions of all or substantially all of the assets or operations owned by" VRG. (Exhibits 1-8, Definitions.)

16. On March 28, 2007, GOL Linhas Aéreas Inteligentes ("GOL") announced that it had agreed with VarigLog and VDB to acquire the total share capital of VRG, conditioned on obtaining regulatory approval. GOL further announced that VRG would be acquired by GTI S.A. ("GTI"), GOL's wholly-owned subsidiary.

---

[4] In Loans 1 through 5, which were made directly to VRG, VRG is referred to as the "BORROWER." In Loans 6 through 8, which were made directly to Defendants, VRG is referred to as the "COMPANY."

17. On April 3, 2007, GOL received approval from Brazil's National Civil Aviation Agency to complete the transfer of VRG to GTI, and the sale of VRG to GTI closed on April 9, 2007. Thus, a "Sale of the COMPANY" or "Sale of the BORROWER" occurred on April 9, 2007.

18. Accordingly, pursuant to the terms of the Loan Agreements, each of the above loans became due and payable on April 9, 2007, and each is now past due.

C. Defendant VarigLog And Defendant VDB Breach The Loan Agreements

19. Defendant VarigLog and Defendant VDB have failed and refused to repay the loans.

20. Because Defendants have failed "to punctually pay any amount due hereunder on the date such payment is due and payable . . . the totality of the principal and any and all other amounts due [are] immediately due and payable, without diligence, presentment, demand, protest or other notice of any kind, all of which are hereby expressly waived." (Exhibits 1, 3-8, Clause Six; Exhibit 2, Clause Five.) Defendants' failure constitutes an "Event of Default." (Exhibits 1, 3-8, Clause Six; Exhibit 2, Clause Five.)

21. Each of the Loan Agreements calculates interest as follows:

> The principal amount unpaid and outstanding hereunder shall bear interest from the date hereof until paid in full, at the fixed rate of one per cent (1%) per annum (the "Interest Rate"). Interest at such rate shall accrue and be calculated on the basis of the actual number of days elapsed in a year of 360 days, and shall be payable together with the amount of principal of the Loan.

(Exhibits 1-8, Clause Three, First Paragraph.)

22. Additionally, because of the Event of Default -- i.e., Defendants' failure to repay the loans in a timely manner -- the "interest rate applicable to the Loan shall be increased by one percentage point (1%) per annum above the rate of interest applicable

hereunder (the "Default Rate"), and all outstanding principal of the Loan shall bear interest at the Default Rate. Interest at the Default Rate shall accrue from the initial date of such Event of Default until that Event of Default is cured or waived by LENDER." (Exhibits 1, 3-8, Clause Six, First Paragraph; Exhibit 2, Clause Five, First Paragraph.) The Plaintiff lenders have not waived the Event of Default.

FIRST CAUSE OF ACTION

AS AGAINST VARIGLOG
(Breach of Contract -- Loan 1)

23. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 22 above as though fully set forth herein.

24. Loan 1 is a valid contract pursuant to which VRG borrowed $18,300,000.00 (Eighteen Million, Three Hundred Thousand Dollars) from Plaintiff CAT. Pursuant to the December Assumption Agreement, Defendant VarigLog assumed VRG's obligations under Loan 1.

25. The repayment of Loan 1 became due (with interest) on April 9, 2007.

26. In breach of its obligations under Loan 1, Defendant VarigLog has failed to repay Loan 1.

27. As a direct and proximate result of Defendant VarigLog's failure to repay Loan 1, Plaintiff CAT has been damaged, in the principal amount of $18,300,000.00 (Eighteen Million, Three Hundred Thousand Dollars), plus interest as calculated pursuant to the terms of the contract.

## SECOND CAUSE OF ACTION

### AS AGAINST VARIGLOG
(Breach of Contract -- Loan 2)

28. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above as though fully set forth herein.

29. Loan 2 is a valid contract pursuant to which VRG borrowed $29,700,000.00 (Twenty Nine Million, Seven Hundred Thousand Dollars) from Plaintiff CAT. Pursuant to the June Assumption Agreement and the July Acknowledgment, Defendant VarigLog assumed VRG's obligations under Loan 2.

30. The repayment of Loan 2 became due (with interest) on April 9, 2007.

31. In breach of its obligations under Loan 2, Defendant VarigLog has failed to repay Loan 2.

32. As a direct and proximate result of Defendant VarigLog's failure to repay Loan 2, Plaintiff CAT has been damaged, as of the date of this Complaint, in the principal amount of $29,700,000.00 (Twenty Nine Million, Seven Hundred Thousand Dollars), plus interest as calculated pursuant to the terms of the contract.

## THIRD CAUSE OF ACTION

### AS AGAINST VARIGLOG
(Breach of Contract -- Loan 3)

33. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 above as though fully set forth herein.

34. Loan 3 is a valid contract pursuant to which VRG borrowed $10,650,000.00 (Ten Million, Six Hundred Fifty Thousand Dollars) from Plaintiff Volo. Pursuant to the

December Assumption Agreement, Defendant VarigLog assumed VRG's obligations under Loan 3.

35. The repayment of Loan 3 became due (with interest) on April 9, 2007.

36. In breach of its obligations under Loan 3, Defendant VarigLog has failed to repay Loan 3.

37. As a direct and proximate result of Defendant VarigLog's failure to repay Loan 3, Plaintiff Volo has been damaged in the principal amount of $10,650,000.00 (Ten Million, Six Hundred Fifty Thousand Dollars), plus interest as calculated pursuant to the terms of the contract.

## FOURTH CAUSE OF ACTION

### AS AGAINST VARIGLOG
(Breach of Contract -- Loan 4)

38. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 above as though fully set forth herein.

39. Loan 4 is a valid contract pursuant to which VRG borrowed $10,765,823.06 (Ten Million, Seven Hundred Sixty Five Thousand, Eight Hundred Twenty Three Dollars and Six Cents) from Plaintiff Volo. Pursuant to the December Assumption Agreement, Defendant VarigLog assumed VRG's obligations under Loan 4.

40. The repayment of Loan 4 became due (with interest) on April 9, 2007.

41. In breach of its obligations under Loan 4, Defendant VarigLog has failed to repay Loan 4.

42. As a direct and proximate result of Defendant VarigLog's failure to repay Loan 4, Plaintiff Volo has been damaged in the principal amount of $10,765,823.06 (Ten

Million, Seven Hundred Sixty Five Thousand, Eight Hundred Twenty Three Dollars and Six Cents), plus interest as calculated pursuant to the terms of the contract.

### FIFTH CAUSE OF ACTION

AS AGAINST VARIGLOG
(Breach of Contract -- Loan 5)

43. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 above as though fully set forth herein.

44. Loan 5 is a valid contract pursuant to which VRG borrowed $3,307,093.60 (Three Million, Three Hundred Seven Thousand, Ninety Three Dollars and Sixty Cents) from Plaintiff Volo. Pursuant to the December Assumption Agreement, Defendant VarigLog assumed VRG's obligations under Loan 5.

45. The repayment of Loan 5 became due (with interest) on April 9, 2007.

46. In breach of its obligations under Loan 5, Defendant VarigLog has failed to repay Loan 5.

47. As a direct and proximate result of Defendant VarigLog's failure to repay Loan 5, Plaintiff Volo has been damaged in the principal amount of $3,307,093.60 (Three Million, Three Hundred Seven Thousand, Ninety Three Dollars and Sixty Cents), plus interest as calculated pursuant to the terms of the contract.

### SIXTH CAUSE OF ACTION

AS AGAINST VARIGLOG
(Breach of Contract -- Loan 6)

48. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 47 above as though fully set forth herein.

49. Loan 6 is a valid contract pursuant to which Defendant VarigLog borrowed $8,852,376.74 (Eight Million, Eight Hundred Fifty Two Thousand, Three Hundred Seventy Six Dollars and Seventy Four Cents) directly from Plaintiff Volo.

50. The repayment of Loan 6 became due (with interest) on April 9, 2007.

51. In breach of its obligations under Loan 6, Defendant VarigLog has failed to repay Loan 6.

52. As a direct and proximate result of Defendant VarigLog's failure to repay Loan 6, Plaintiff Volo has been damaged in the principal amount of $8,852,376.74 (Eight Million, Eight Hundred Fifty Two Thousand, Three Hundred Seventy Six Dollars and Seventy Four Cents), plus interest as calculated pursuant to the terms of the contract.

## SEVENTH CAUSE OF ACTION

### AS AGAINST VARIGLOG
(Breach of Contract -- Loan 7)

53. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 52 above as though fully set forth herein.

54. Loan 7 is a valid contract pursuant to which Defendant VarigLog borrowed $5,860,232.26 (Five Million, Eight Hundred Sixty Thousand, Two Hundred Thirty Two Dollars and Twenty Six Cents) directly from Plaintiff Volo.

55. The repayment of Loan 7 became due (with interest) on April 9, 2007.

56. In breach of its obligations under Loan 7, Defendant VarigLog has failed to repay Loan 7.

57. As a direct and proximate result of Defendant VarigLog's failure to repay Loan 7, Plaintiff Volo has been damaged in the principal amount of $5,860,232.26 (Five

Million, Eight Hundred Sixty Thousand, Two Hundred Thirty Two Dollars and Twenty Six Cents), plus interest as calculated pursuant to the terms of the contract.

EIGHTH CAUSE OF ACTION

AS AGAINST VDB
(Breach of Contract -- Loan 8)

58.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 57 above as though fully set forth herein.

59.     Loan 8 is a valid contract pursuant to which Defendant VDB borrowed $770,000 (Seven Hundred Seventy Thousand Dollars) directly from Plaintiff Volo.

60.     The repayment of Loan 8 became due (with interest) on April 9, 2007.

61.     In breach of its obligation under Loan 8, Defendant VDB has failed to repay Loan 8.

62.     As a direct and proximate result of Defendant VDB's failure to repay Loan 8, Plaintiff Volo has been damaged in the principal amount of $770,000 (Seven Hundred Seventy Thousand Dollars), plus interest as calculated pursuant to the terms of the contract.

NINTH CAUSE OF ACTION

AS AGAINST VARIGLOG AND VDB
(Costs, Expenses and Attorneys Fees)

63.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 62 above as though fully set forth herein.

64.     Each of the Loan Agreements provides for recoupment of Plaintiffs' reasonable costs and expenses, including reasonable attorneys fees and expenses, incurred in connection with Plaintiffs' efforts to collect all amounts due under the subject agreements:

> The BORROWER hereby agrees to pay on demand all reasonable costs and expenses (including, without limitation, all reasonable fees,

expenses and other client charges of counsel to the LENDER) incurred by the LENDER in connection with the enforcement of the LENDER'S rights, and the collection of all amounts due, hereunder. . . . The obligations of the BORROWER under this clause shall survive the payment in full of the Loan and any interest thereon. . . .

(Exhibits 1, 3-8, Clause Thirteen; Exhibit 2, Clause Twelve.)

65.     Accordingly, Plaintiffs demand a judgment ordering Defendants to pay such costs and expenses.

WHEREFORE,

(i)     On the First Cause of Action, Plaintiff CAT seeks compensatory damages from Defendant VarigLog in the principal amount of $18,300,000.00 (Eighteen Million, Three Hundred Thousand Dollars), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper;

(ii)    On the Second Cause of Action, Plaintiff CAT seeks compensatory damages from Defendant VarigLog in the principal amount of $29,700,000.00 (Twenty Nine Million, Seven Hundred Thousand Dollars), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper;

(iii)   On the Third Cause of Action, Plaintiff Volo seeks compensatory damages from Defendant VarigLog in the principal amount of $10,650,000.00 (Ten Million, Six Hundred Fifty Thousand Dollars), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper;

(iv)    On the Fourth Cause of Action, Plaintiff Volo seeks compensatory damages from Defendant VarigLog in the principal amount of $10,765,823.06 (Ten Million, Seven Hundred Sixty Five Thousand, Eight Hundred Twenty Three Dollars and Six Cents), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper;

(v)     On the Fifth Cause of Action, Plaintiff Volo seeks compensatory damages from Defendant VarigLog in the principal amount of $3,307,093.60 (Three Million, Three Hundred Seven Thousand, Ninety Three Dollars and Sixty Cents), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper;

(vi)    On the Sixth Cause of Action, Plaintiff Volo seeks compensatory damages from Defendant VarigLog in the principal amount of $8,852,376.74 (Eight

Million, Eight Hundred Fifty Two Thousand, Three Hundred Seventy Six Dollars and Seventy Four Cents), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper;

(vii)   On the Seventh Cause of Action, Plaintiff Volo seeks compensatory damages from Defendant VarigLog in the principal amount of $5,860,232.26 (Five Million, Eight Hundred Sixty Thousand, Two Hundred Thirty Two Dollars and Twenty Six Cents), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper;

(viii)   On the Eighth Cause of Action, Plaintiff Volo seeks compensatory damages from Defendant VDB in the principal amount of $770,000 (Seven Hundred Seventy Thousand Dollars), plus interest as calculated pursuant to the terms of the contract, and such other or further relief as the Court may deem just and proper; and

(ix)   On the Ninth Cause of Action, Plaintiffs Volo and CAT seek from Defendant VarigLog and Defendant VDB reimbursement of all reasonable costs and expenses (including, without limitation, all reasonable fees, expenses and other client charges of counsel) incurred in connection with the enforcement of the Loan Agreements and the collection of all amounts due under the Loan Agreements, and such other or further relief as the Court may deem just and proper.

Dated: New York, New York
        July 26, 2007

                                    Respectfully submitted,

                                    BRACEWELL & GIULIANI LLP

                                    By: _____
                                        Kenneth A. Caruso
                                        A Member of the Firm
                                    1177 Avenue of the Americas
                                    New York, New York  10036
                                    (212) 508-6100

                                    Attorneys for Plaintiffs

Of Counsel:
    Kenneth A. Caruso
    Jeffrey I. Wasserman

NEWYORK\12394.17                        14